**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, | : : : : | **OPINION and ORDER** |
| Plaintiff, | : : | Civ. No. 10-5597 (WHW) |
| v. | : : | |
| THE ESTATE OF JOSEPH A. CERNIGLIA; CWB1, LLC; COMPANIA HOLDING CORP.; MELISSA CERNIGLIA; VALLEY NATIONAL BANK; RICCARDO BOTTI and KEVIN WYNN, | : : : : : | |
| Defendants. | | |

**Walls, Senior District Judge**

CWB1, LLC and Campania Holding Corp. ("Cross-claimants") move for default judgment against defendants The Estate of Joseph A. Cerniglia, Melissa Cerniglia, Riccardo Botti and Kevin Wynn ("Defendants"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the motion is decided without oral argument. Cross-claimants' motion for default judgement is denied.

### FACTUAL AND PROCEDURAL BACKGROUND

Joseph Cerniglia, Riccardo Botti and Kevin Wynn formed CWB1 ("the Company") on August 8, 2005, as a New Jersey Limited Liability Company to manage Campania, a restaurant in Fairlawn, New Jersey. Each of the members had a 1/3 interest in the Company. (Compl. ¶ 39.) On October 25, 2005, the Company took out a $600,000 life insurance policy from the

**NOT FOR PUBLICATION**

Guardian Life Insurance Company of America that covered the life of Joseph Cerniglia (the

"Policy").  The Company was the designated beneficiary under the Policy.  (Id. at ¶ 12.)  On

September 16, 2010, Cerniglia, Botti and Wynn sold 100% of their interest in the Company to

Campania Holding Corp.  (Answer ¶ 43.)  Eight days later, Cerniglia committed suicide.  (Id. at

¶ 50.)

On October 27, 2010, Guardian filed an interpleader motion concerning the proper

beneficiary under the Policy.  It averred that, due to competing claims, it was unsure of the legal

beneficiary and requested an order declaring the lawful and proper beneficiary.  (ECF No. 1.)

After Cerniglia's death, the Guardian received claims of entitlement to the death benefit under

the policy from the Company, Cerniglia's wife, Botti and Wynn.  (Compl. ¶¶ 17-20.)  Botti and

Wynn claim that although they sold the Company to Campania Holding Corp.,[1] ownership of the

Company, and the Policy, should revert back to them because Campania Holding Corp. had

breached the sales contract.  (Botti Opp. Br., at  2.)  Because of these breaches, Botti and Wynn

are commencing litigation regarding the ownership of the Company.  (Id. at 3-4.)  Botti and

Wynn further claim that the "agreed upon remedy for breach of the contract is the immediate

return of CWB1."  (Id. at 2.)

On October 29, 2010, the Cross-claimants filed an answer and cross-claim against Botti,

Wynn, Melissa Cerniglia and the Estate of Josepha A. Cerniglia asserting a claim for tortious

interference and requesting a declaratory judgment stating that these parties have no rights under

the Policy.

Cross-claimants filed a motion for an injunction directing that the Policy be paid to the

Company.  (ECF No. 8.)  The Court held a hearing on November 22, 2010.  All of the defendants

---

[1] While Botti and Wynn actually refer to Phil Neuman as the buyer of the Company, the Transfer Agreement is
actually between Botti, Wynn, Cerniglia and Campania Holding Corp.  Neuman is the managing director of
Campania Holding Corp.

NOT FOR PUBLICATION

attended and participated in the hearing. (ECF No. 23.)  Cross-claimants request for an injunction was denied.

All parties engaged in settlement discussions during the end of November and early December, however, on November 30, 2010, Cross-claimants requested that the Clerk of Court enter a default against defendants Botti and Wynn.  A similar motion concerning defendants Melissa Cerniglia and the Estate of Joseph A. Cerniglia was filed on December 2, 2010.  (ECF. Nos. 27, 31.)  Default was entered against each of the defendants.  On December 15, 2010, Botti and Wynn filed an answer and on December 21, 2010, Melissa Cerniglia and the Estate of Joseph A. Cerniglia filed answers to the complaint and the cross-claims.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. A default may only be entered by the Clerk of Court where a party has "failed to plead or otherwise defend."  See United States v. Mulvenna, 367 F. App'x 348, 350 (3d Cir. 2010) (citing Fed. R. Civ. P. 55(a)).  Because a default judgment prevents a plaintiff's claims from being decided on the merits, "this court does not favor entry of defaults or default judgments."  United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984).  Accordingly, the Third Circuit has clarified that, while "the entry of a default judgment is left primarily to the discretion of the district court," this "discretion is not without limits," and cases should be "disposed of on the merits whenever practicable."  Hritz, at 1181 (citations omitted); see also $55,518.05 in U.S. Currency, 728 F.2d at 194-95.

## DISCUSSION

Entry of default was not warranted in this case.[2]  Because defendants did not fail to plead

---

[2] Because default should not have been entered against the defendants in the first place, there is no need to address the Third Circuit's three prong test used in determining whether a valid entry of default should be vacated.

**NOT FOR PUBLICATION**

or otherwise defend an entry of default was unwarranted.  Although they failed to file their

answers within the appropriate time period, answers have now been filed.  More importantly,

each defendant appeared at a hearing on November 22, 2010, and evinced not only their intent to

participate in the proceedings, but also contested Cross-claimants' allegations that Cross-

claimants are entitled to proceeds of the Policy.[3]  When ordered by this Court to appear at a show

cause hearing, all defendants complied.  After Cross-claimants requested an entry of default of

judgment, defendants responded.  The defendants have clearly demonstrated an intention to

defend the action by settlement negotiations with Cross-claimants, their appearance before this

Court and their responsive filings.  Cross-claimants assertions that Melissa Cerniglia, the Estate

of Joseph A. Cerniglia, Botti and Wynn have not "otherwise defended" is disingenuous.  The

technical default complained of will not prevent this case from being disposed of on the merits.

**CONCLUSION**

For the foregoing reasons, cross-claimant's motion for default judgment is DENIED and

the entry of default VACATED.


                                                    **s/ William H. Walls**
                                                    United States Senior District Judge

---

[3] At issue at the November hearing was whether an injunction should be granted directing Guardian to pay the Policy proceeds to Cross-claimants as the rightful beneficiaries.  The first cross-claim deals with the same subject matter – a determination of the rightful beneficiary under the Policy.