**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE ESTATE OF JOSEPH A. CERNIGLIA, CWB1, LLC, COMPANIA HOLDING CORP., MELISSA CERNIGLIA, VALLEY NATIONAL BANK, RICCARDO BOTTI and KEVIN WYNN,<br><br>Defendants. | **OPINION and ORDER**<br><br>Civ. No. 10-5597 (WHW) |

**Walls, Senior District Judge**

On March 8, 2011, Galasso Enterprises, LLC, ("Galasso") moved to intervene in the above captioned case under either Fed. R. Civ. P. 24(a) or 24(b). Pursuant to Rule 78.1 of the Local Rules, the motion is decided without oral argument. The motion is denied.

### FACTUAL AND PROCEDURAL BACKGROUND

**Galasso**

In 2001 Galasso purchased a shopping center located at 17-15 Broadway, Fair Lawn, New Jersey. This sale included the transfer of leases the prior owner had with tenants of the shopping center. One such lease was with Carlo Carissa, Inc., trading as Campania Ristorante Italiano. In or about 2006, Carlo Carissa sold it assets and debts to CWB1, LLC and assigned its lease with Galasso to the CWB1. On September 16, 2010, Campania Holding Corp. purchased CWB1 and assumed all of its debts and obligations, including the lease with Galasso. Galasso

1

NOT FOR PUBLICATION

claims that Campania Holding Corp. has not paid rent or late fees for non-payment for at least 11 months.[1]  In addition to nonpayment, Galasso contends that it incurred attorneys' fees during eviction proceedings, water charges and approximately $30,000 in costs to repair the property which Campania Holding Corp. damaged.  In total, Galasso claims that it is owed $95,826.23.

**The Policy**

Joseph Cerniglia, Riccardo Botti and Kevin Wynn formed CWB1 as a New Jersey Limited Liability Company to manage Campania, a restaurant in Fairlawn, New Jersey.  Each of the members had a 1/3 interest in the Company.  (Compl. ¶ 39.)  On October 25, 2005, CWB1 took out a $600,000 life insurance policy from the Guardian Life Insurance Company of America that covered the life of Joseph Cerniglia (the "Policy").  CWB1 was the designated beneficiary under the Policy.  (Id. at ¶ 12.)  Eight days after Campania Holding Corp. purchased CWB1 , Cerniglia committed suicide.  (Id. at ¶ 50.)

On October 27, 2010, Guardian filed an interpleader motion concerning the proper beneficiary under the Policy.  It averred that, due to competing claims, it was unsure of the legal beneficiary and requested an order declaring the lawful and proper beneficiary.  (ECF No. 1.) On October 29, 2010, Campania Holding Corp. and CWB1, LLC ("Cross-claimants") filed an answer and cross-claim against Botti, Wynn, Melissa Cerniglia and the Estate of Joseph A. Cerniglia asserting a claim for tortious interference and requesting a declaratory judgment stating that these parties have no rights under the Policy.

The Cross-claimants then filed a motion for an injunction directing that the Policy be paid to CWB1.  (ECF No. 8.)  The Court held a hearing on November 22, 2010.  The request for an injunction was denied.   On December 15, 2010, Botti and Wynn filed an answer and on

---

[1] Galasso contends that it has not received rent for each month from April 2010 through March 2011 excluding November.  However, when noting the late fees it is owed Galasso claims that it is owed monies for each month from April 2010 through March 2011.  It is unclear if November was intentionally excluded.

**NOT FOR PUBLICATION**

December 21, 2010, Melissa Cerniglia and the Estate of Joseph A. Cerniglia filed answers to the complaint and the cross-claims.

Galasso now moves to intervene in this action pursuant to Federal Rule of Civil Procedure 24(a) or alternatively, pursuant to Rule 24(b).

## STANDARD OF REVIEW

To intervene as of right under Federal Rule of Civil Procedure 24(a)(2), a prospective intervenor must show: "1) a timely application for leave to intervene, 2) a sufficient interest in the underlying litigation, 3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and 4) that the existing parties to the action do not adequately represent [his] interests." United States v. New Jersey, 373 F. App'x 216, 221 (3d Cir. 2010) (citing Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220 (3d Cir. 2005)). "Each of these requirements must be met" before a non-party is entitled to intervene as of right. Mountain Top Condominium Assoc. v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3d Cir. 1995).

Permissive intervention is governed by Rule 24(b), which provides that "[o]n timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Furthermore, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Id.

**NOT FOR PUBLICATION**

## DISCUSSION

**<u>Intervention as of Right</u>**

Galasso cites no case law to support its contention that it may intervene as of right. Instead, it argues that because its debtor may be the beneficiary of an insurance policy, it has an interest in the policy and that "its interest [in debt collection] would undoubtably [sic] be impaired and/or impeded if it is not permitted to intervene in the instant action." (Intervenor's Br., at 1.)

To justify intervention as of right, the applicant must have an interest "relating to the property or transaction which is the subject of the action" that is "significantly protectable." <u>Donaldson v. United States</u>, 400 U.S. 517, 531 (1971). The Third Circuit has already rejected Galasso's argument that it has a protectable right in the property at issue in the underlying action. "[A] mere economic interest in the outcome of litigation is insufficient to support a motion to intervene. Holding otherwise would permit every secured creditor to intervene in its debtor's litigation." <u>In re Stone & Webster, Inc.</u>, 335 F. App'x 202, 204 (3d Cir. 2009) (quoting <u>Mountain Top</u>, 72 F.3d at 366). Indeed, "the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene." <u>Mountain Top</u>, 72 F.3d at 366, (holding that the denial of the request to intervene was correct "if the appellants' only interest in the present case was to ensure that the [debtor] would have sufficient resources to satisfy any judgment that [the intervenor] may be able to obtain.").

While "an intervenor's interest in a specific fund is sufficient to entitle intervention in a case affecting that fund," <u>Mountain Top</u>, 72 F.3d at 366, Galasso does not contend that it is a possible beneficiary of the Policy, or that it has a legal interest in it. Rather, it has the "kind of economic interest in the insurance proceeds that [the Third Circuit has] held does not support

4

**NOT FOR PUBLICATION**

intervention as a matter of right." Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 221 (3d Cir. 2005). Accordingly, its motion to intervene as of right is denied.

**Permissive Intervention**

In the alternative, Galasso claims that it should be allowed to permissively intervene because it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).[2] Instead of explaining what common question of law or fact is shared by a claim or defense that Galasso may have and the present action, Galasso merely says:

> Here, Galasso Enterprises has an interest in the subject life insurance policy proceeds. As such, the issue of whom [sic] is entitled to those proceeds is central to Galasso Enterprises interests and ability to recover on its debts. Should this litigation proceed without Galasso Enterprises, the intervenor/plaintiff may be forever foreclosed from recovery on this outstanding debt.

(Intervenor's Br., at 1.)

Galasso contends that Campania Holding Corp. has made misrepresentations and failed to pay rent thereby breaching a lease and breaching the implied covenant of good faith and fair dealing. These claims have nothing to do with who may rightfully collect under the Policy. Galasso states that depending on the outcome of this action, it may never be able to recover from Campania Holding Corp. While this may or may not be true, it does not give Galasso a sufficient interest in the action to justify intervention because a "contingent financial interest is insufficient to permit permissive intervention under Third Circuit precedent." Nationwide Mut. Ins. Co. v. Alston, No. 07-606, 2008 WL 495736, at *4 (E.D. Pa. Feb. 25, 2008) (citing Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 228 (3d Cir. 2005)). Because the claims that Galasso seeks to bring share no common questions of fact or law with the pending action, there

---

[2] Because Galasso does not contend that it has a "conditional right to intervene by a federal statute," this will not be considered.

**NOT FOR PUBLICATION**

is no reason to allow Galasso to intervene by permission and its request pursuant to Rule 24(b) is denied.

## CONCLUSION

For the foregoing reasons, it is on this 28th day of March, 2011,

**ORDERED** that Galasso's motion to intervene is DENIED.

s/ William H. Walls<br>
United States Senior District Judge